**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ROCHELLE SHAW, JACQUELINE SMITH, SHANNON CHASE, JOSEPHINE GANO, SHANICE COOPER, CRYSTAL LEE, HEATHER GERMANN, OPAL LONON, MARITZA CABRERA, LONETTE TAYLOR-INGRAM, CHELSEA MANNING-PERRY, JEAN FIELDS, LINDA SLAUSON, BRITTANY JEFFERS, PAIGE BENSON, ELIZABETH NEUBERT, TARALYN WEBSTER, MICHELLE WILLIAMS, CHELSEA CROCHET, TAMARA RICHARDSON, KIZZY STARNES, NAKISHA WILLIAMS, TINA MONTIE-PROPHET, JULIE BURNELL, MICHELLE POWERS, DONNA ANDRUS, TRACY GERARD, NAOMI FARMER, SARAH NEEDHAM, JESSICA SHILLING, ELIZABETH DUNCAN, ANA LOZANO, CANDACE DOMITROVICH, STEPHANIE BINION, DOMINIQUE BRADLEY, ANNIE LEE, SANTANA ROYALS, DEBRA SEHORN, SHEILA SIMMONS, ERIN LAMICA, CHRISTINA LINARES, ERICA ALSTON, ANJEANETTE BARRETT, STEPHANIE EVANS, JANETSY ANDUJAR, CRYSTAL MCDOWELL, LISA FINK, CLAUDIA DAVILA, TERESA DOSSANTOS, SUSAN MAULDIN, MARIA MENDOZA, LUCIA SAUCEDA, CHRISTINA HUNTER, LORI PREATOR, KATRINA MENA, QUANA BURNETT, ELAINE LATHRUM, SARA OVERTURFF, BABETTE COPE, JUANITA SMITH, LORI BOORD, KRIZIA HULING, JOANN PFAFF, JASMINE FREEMAN, MICHELLE MADINA, APRIL MOCK, MIQUISHA RUFFINS, JESSICA SPRINGMAN, VERONICA ARAMBULA<br><br>Plaintiffs,<br><br>v.<br><br>BAYER CORPORATION, BAYER U.S. LLC, BAYER HEALTHCARE LLC, BAYER ESSURE INC., BAYER HEALTHCARE PHARMACEUTICALS INC., BAYER AG, BAYER PHARMA AG, CONCEPTUS SAS, and BAYER S.A.,<br><br>Defendants. | Case No. 1:18-cv-2046<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Defendants Bayer Corporation, Bayer U.S. LLC, Bayer HealthCare LLC, Bayer Essure Inc., and Bayer HealthCare Pharmaceuticals Inc. (together, "Bayer"), by and through their undersigned counsel, hereby provide notice pursuant to 28 U.S.C. §§ 1331 and 1441 of the removal of the above-captioned case from the Marion County Superior Court, Civil Division 10, to the United States District Court for the Southern District of Indiana. The grounds for removal are as follows:

## BACKGROUND

1. On June 14, 2018, Plaintiffs filed a complaint for damages in Indiana state court, and an amended complaint on June 27, 2018. The amended complaint alleges that Plaintiffs "suffer from severe injuries and damages" as a result of their experience using Essure, an FDA pre-market approved Class III medical device that serves as a form of permanent birth control. Am. Compl. ¶ 449 (Ex. A, hereto).

2. Essure was approved by FDA through the rigorous premarket approval ("PMA") process in 2002. *See* Premarket Approval Order (Ex. B, hereto). Since then, FDA has granted numerous supplemental approvals, including as recently as April 2018, *see* FDA, Essure PMA Supplements (Ex. C, hereto), repeatedly reviewing and approving Essure's design, construction, manufacturing, testing, training requirements, and labeling. *See generally Norman v. Bayer Corp.*, No. 3:16-cv-253(JAM), 2016 WL 4007547 (D. Conn. July 26, 2016), *appeal docketed*, No. 16-2966, (2d Cir. Aug. 26, 2016) (recounting Essure regulatory history and dismissing all claims with prejudice as preempted by federal law); *McLaughlin v. Bayer Corp.*, 172 F. Supp. 3d 804, 809–11 (E.D. Pa. 2016) (recounting Essure regulatory history and dismissing ten of twelve claims). After a public hearing in September 2015 and months of investigation, FDA reaffirmed

that "FDA continues to believe that the benefits of the device outweigh its risks." *See* FDA, FDA Activities: Essure (Ex. D, hereto).

## ARGUMENT

3. As set forth more fully below, this case is properly removed because this Court has federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1441.

**I. THE PROCEDURAL REQUIREMENTS OF REMOVAL ARE MET.**

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders and other documents filed in the state court action are attached as Exhibit A.

5. Plaintiffs served their complaint on Bayer Corporation on June 14, 2018; on Bayer U.S. LLC, Bayer Healthcare LLC, and Bayer Healthcare Pharmaceuticals Inc. on June 15, 2018; and on Bayer Essure Inc. on June 25, 2018. All Defendants consent to removal.[1]

6. Section 1446(b)(1) requires a notice of removal to be filed within 30 days of the service of a complaint upon the defendants. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day time limit for removal runs from date of formal service of the initial complaint). Thirty days from June 14, 2018, is Saturday, July 14, 2018; per Federal Rule of Civil Procedure 6(a)(1)(C), Bayer's notice of removal is due on or before Monday, July 16, 2018. Accordingly, this Notice of Removal is timely filed.

---

[1] Plaintiffs have not served Bayer AG, Bayer Pharma AG, Conceptus SAS, or Bayer S.A. in this matter. While they reserve all rights, including objections to service and personal jurisdiction, these entities consent to removal. *See Allen v. Ferguson*, 791 F.2d 611, 614 (7th Cir. 1986) (defendant's removal to federal court "does not waive any objection he may have regarding in personam jurisdiction"); *Block v. Block*, 196 F.2d 930, 933 (7th Cir. 1952) ("[Defendant's] application for removal did not constitute a waiver of service."); *see also City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 214 n.15 (5th Cir. 2005) ("A defendant's removal to federal court does not waive its right to object to service of process." (citing *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929)); 4A Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* § 1082 (3d ed.).

3

7. The United States District Court for the Southern District of Indiana presides in the locality in which the state court action is now pending. It is therefore a proper forum for removal. *See* 28 U.S.C. §§ 118(a), 1441(a).

8. A copy of this Notice of Removal is being served on Plaintiffs, and a copy is being filed with the state court. *See id.* § 1446(d).

9. If any questions arise about this removal or the basis for the same, Bayer respectfully requests the opportunity to present briefing and oral argument in support of removal.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441.

10. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441.

11. In the Amended Complaint, Plaintiffs assert nine causes of action all purporting to be based on state law. However, each of these claims in fact turns on a question of federal law.

12. Federal question jurisdiction exists where a plaintiff pleads federal violations on the face of the complaint and "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983)). This "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

13. These factors are met in this case, as in *Burrell v. Bayer Corp.*, because Plaintiffs' claims relate to a medical device with premarket approval that is heavily regulated by FDA and Plaintiffs' claims turn on the interpretation of federal law, thus this case arises from and turns on a question of federal law. *See* 2017 WL 1032524, at *4 (W.D.N.C. Mar. 17, 2017), *appeal docketed*, No. 17-1715 (4th Cir. June 12, 2017) (holding that *Burrell* "is properly a case that 'arises from' federal law, as the MDA was passed by Congress to govern the safety and effectiveness of Class III medical devices, like Essure"); *see also Jenkins v. Medtronic, Inc.*, 984 F. Supp. 2d 873, 878 (W.D. Tenn. 2013) (finding federal question jurisdiction over state-law product liability claims regarding PMA medical device because claims required court to decide questions of federal law); *H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F. Supp. 2d 671, 677–78 (S.D. Ohio 2014) (similar); *Bader Farms, Inc. v. Monsanto Co.*, 2017 WL 633815, at *3 (E.D. Mo. Feb. 16, 2017) (similar); *cf. Bowdrie v. Sun Pharm. Indus. Ltd.*, 909 F. Supp. 2d 179, 184–85 (E.D.N.Y. 2012) (finding federal-question jurisdiction in product liability drug case where "boundaries of Plaintiffs' claims . . . are established by the FDCA").

14. Specifically, Plaintiffs' claims hinge on whether Defendants violated federal regulatory requirements. *See, e.g.*, Am. Compl. ¶¶ 216-27; § II.A, *infra*. FDA's recent investigation into and response to the very issues that are the subject of this case renders the federal interest particularly substantial. *See, e.g.*, Am. Compl. ¶¶ 43-52, 360–365. Moreover, given FDA's heavy involvement in the approval and regulation of prescription medical devices, like Essure, exercising federal jurisdiction will not upset the federal-state balance. *See* § II.B, *infra*.

### A. Plaintiffs' Right To Relief Depends On The Resolution Of Substantial And Disputed Federal Questions.

15. "The classic example" of a claim that triggers "arising under jurisdiction," as recognized in *Grable*, is a claim that "requires a determination of federal law as an essential element of the plaintiff's state law claim." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 163 (3d Cir. 2014), *aff'd*, 136 S. Ct. 1562 (2016).

16. Plaintiffs' complaint contains such claims. For instance, Plaintiffs assert: "It was the duty of Conceptus and Bayer to comply with federal law, the FDCA, the MDA and the regulations. Notwithstanding this duty, Conceptus and Bayer violated federal law, the FDCA, the MDA, and the regulations . . . ." Am. Compl. ¶ 1395; *see also, e.g.*, *id.* ¶¶ 1265, 1272-79, 1294-1325, 1378-86, 1393-96, 1509, 1511, 1528, 1545. Plaintiffs further allege that their injuries were "a direct and proximate result of Defendants' violation of … federal statutory and regulatory standards of care." *Id.* ¶ 1286. Although Bayer disagrees that it violated any federal requirements, these allegations of federal violations are necessary elements of Plaintiffs' claims. *See Franchise Tax*, 463 U.S. at 9. Indeed, Plaintiffs' complaint identifies dozens of federal regulations and requirements in the FDA-issued Essure PMA Order that Bayer allegedly failed to meet. Therefore, the complaint demonstrates that Plaintiffs' claims turn on the meaning of federal law, and necessarily present a substantial, disputed question of federal law. *See Grable*, 545 U.S. at 314; *Burrell*, 2017 WL 1032524, at *2-3.

17. It is no answer to suggest that the federal-law questions arise only in the context of a preemption defense. For Plaintiffs to prevail, including to satisfy elements of their causes of action, they will have to show that Bayer's conduct violated federal law. *See Franchise Tax Bd.*, 463 U.S. at 13, 28 (a claim "depends on a question of federal law" when "[a] question of federal law is a necessary element" of the claim). This is exactly the type of state-law claim that

requires a determination of federal law. *See In re FedEx Ground Package Sys., Inc.*, No. 3:05MD527 RM, 2006 WL 148945, at *1 (N.D. Ind. Jan. 13, 2006), *aff'd sub nom. Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675 (7th Cir. 2006) ("*Absent preemption issues*, federal issues raised in defense of state law claims neither provide adequate ground to exercise federal jurisdiction under § 1331 nor provide the basis for a substantial and contested federal issue under *Grable*.") (emphasis added).

18. In rejecting a similar attempt to defeat federal question jurisdiction, another court has explained that "Plaintiffs have set the landscape and scope of the issues that would be addressed in this case, and Defendants have properly asserted an applicable preemption defense to Plaintiffs' claims." *Jenkins*, 984 F. Supp. 2d at 880. Here as well, Plaintiffs "set the landscape" when they pleaded violations of federal law on the face of their own complaint to establish elements of their supposed state-law claims. Having done so, Plaintiffs cannot deny that their complaint raises substantial, disputed federal questions.

**B. Federal Jurisdiction Will Not Disrupt the Federal-State Balance.**

19. The exercise of federal jurisdiction also will not disrupt the balance between federal and state law that Congress has created, but will instead enhance it. This case involves a medical device that was approved by FDA after undergoing the pre-market approval process, the highest level of scrutiny available in the federal regulatory system. Less than 1% of medical devices receive this rigorous federal approval. In addition, Essure and its labeling have been subject to ongoing, intense review by the FDA. Recognizing federal jurisdiction here would thus "portend only a microscopic effect on the federal-state division of labor"—namely, those cases involving a Class III, PMA medical device in which FDA has taken specific steps to address the alleged issues that are the subject of Plaintiffs' Complaint. *Grable*, 545 U.S. at 315. Federal

question jurisdiction will permit a federal court to decide important and necessarily federal issues of law—issues on which Plaintiffs' claims hinge. *See Reuter*, 996 F. Supp. 2d at 680. In other words, "[i]t does not upset the federal-state balance to allow federally-approved medical devices to be sued for alleged safety risks and labeling defects in federal court" because "[t]he labeling of FDA-approved medical devices is governed by the FDA under the MDA, and state law is generally pre-empted under 21 U.S.C. § 360k." *Burrell*, 2017 WL 1032524, at *4.

20.   Accordingly, this Court should exercise federal question jurisdiction, as several sister courts have done in similar circumstances. *See, e.g.*, *Burrell*, 2017 WL 1032524, at *4; *Jenkins*, 984 F. Supp. 2d at 878; *Reuter*, 996 F. Supp. 2d at 677–78. As stated above, if any questions arise about this removal, Bayer respectfully requests the opportunity to present briefing and oral argument in support of removal.

Respectfully submitted,

*s/ Robert A. Jorczak*
Mary Nold Larimore, #9877-49
Robert A. "Louie" Jorczak, #32027-29
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, Indiana 46282-0200
Larimore@icemiler.com
Louie.Jorczak@icemiller.com

*Attorney for Defendants Bayer Corp., Bayer U.S. LLC, Bayer HealthCare LLC, and Bayer HealthCare Pharmaceuticals Inc.*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a copy of the foregoing has been served via United States First Class mail, postage prepaid, on the 5th day of July, 2018, to the following counsel of record:

Gregory J. Bubalo
Katherine Ann Dunnington
Bubalo Goode PLC
1344 South Broadway
Lexington, KY  40504

Jennifer L. Thompson
Gary C. Johnston, P.S.C.
9300 Shelbyville Road, Suite 609
Louisville, KY  40222

Lee C. Christie
Cline Farrell Christie  Lee
951 N. Delaware Street
Indianapolis, IN  46202-3377

  *s/ Robert A. Jorczak*
  Robert A. Jorczak